## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ISAIAH SCOTT,** | **Civil Action No. 23-3361 (SDW-ESK)** |
| **Plaintiff,** | **MEMORANDUM OPINION** |
| **v.** | |
| **VICTORIA KUHN, et al.,** | |
| **Defendants.** | |

**IT APPEARING THAT:**

1.   On or about June 20, 2023, Defendants New Jersey Department of Corrections ("NJDOC"), Northern State Prison ("NSP") and Victoria Kuhn (collectively "Defendants") removed this civil rights action under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA") NJSA § 10:6-1 *et seq.* from the New Jersey Superior Court, Law Division, Essex County to this Court, pursuant to 28 U.S.C. § 1441.  (ECF No. 1).

2.   Plaintiff Isaiah Scott is a prisoner confined in NSP in Newark, New Jersey.  He filed a *pro se* verified complaint against Defendants NJDOC, NSP, NJDOC Commissioner Victoria Kuhn ("Kuhn") and NSP Administrator Patricia McGill ("McGill") in their official capacities, and NSP Associate Administrator Marc Sim ("Sim") in his individual and official capacities.  The subject of complaint is the prison disciplinary sanction imposed against Plaintiff by Sim at NSP on February 15, 2023, for 45 days loss of use of institutional kiosk, telephone, television, JPay player (tablet) and congregate time out of cell.  (ECF No. 1-2.)  Plaintiff asserts due process claims for violation of the United States Constitution and New Jersey Constitution.  For relief, Plaintiff seeks damages, declaratory and injunctive relief.

1

3.   The record does not indicate that summonses have been executed on McGill and Sim. Defendants NJDOC, NSP and Kuhn filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) in lieu of an answer.  (ECF No. 4.)  Plaintiff did not respond to the motion to dismiss.

4.   In deciding a motion to dismiss under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  However, a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan*, 478 U.S. at 286.  Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  While *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

5.   Defendants seek dismissal of Plaintiff's claims against them in their official capacities because they are not "persons" amenable to suit within the meaning of § 1983 or the NJCRA. (ECF No. 4-2 at 11-13.)  42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects … any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

shall be liable to the party injured in an action at law, suit in equity,
or other proper proceeding for redress,

The Supreme Court has held that state agencies and officials acting in their official capacities are not "persons" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989)).  Suits for damages against persons in their official capacities are really suits against the office the person holds, which is no different from a suit against the State, which is barred by sovereign immunity under the Eleventh Amendment. *Id.* at 71.  Furthermore, the NJCRA is modeled after § 1983, and the same "person" restriction applies. *Didiano v. Balicki*, 488 F. App'x 634, 638-39 (3d Cir. 2012).  Therefore, the Court dismisses with prejudice Plaintiff's § 1983 and NJCRA claims for all relief against NJDOC and NSP, and the claim for damages against Kuhn in her official capacity. *See*, *Capogrosso v. The Supreme Ct. of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (quoting *MCI Telecomm. Corp. v. Bell Atl. Pennsylvania*, 271 F.3d 491, 503 (3d Cir. 2001) ("The Eleventh Amendment to the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court, regardless of the relief sought."))  Eleventh Amendment "immunity does not extend to individual state officers sued in their individual capacities for prospective injunctive or declaratory relief to remedy ongoing violations of federal law." *Id.*  Therefore, the Court turns to the claims against Kuhn in her individual capacity.[1]

6.  Plaintiff alleges the following facts in support of his claims against Kuhn.  As the Commissioner of the NJDOC, Kuhn is responsible to uphold inmates' rights throughout the NJDOC prison system.  (ECF No. 1-2 at 3).  Plaintiff alleges he was sanctioned by Sim, out of compliance with prison disciplinary regulations in NJAC 10A:4-5.1(t);[2] specifically he was not

---

[1] Plaintiff seeks damages from all defendants.  Therefore, the Court construes the complaint as alleging due process claims against Kuhn in her individual capacity.

[2] NJAC 10A:4-5.1(t) provides the schedule of sanctions for prohibited acts within NJDOC prisons.

3

charged with an infraction or found guilty, and his sanctions exceeded those permitted by regulation. (*Id.* at 5).

7.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (referring to § 1983); *Rezem Fam. Assocs., LP v. Borough of Millstone*, 423 N.J. Super. 103, 115 (App. Div. 2011) (referring to the NJCRA).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Plaintiff relies on Kuhn's vicarious liability and has not alleged her personal involvement in violating his right to due process.[3]

8.  When a district court dismisses a complaint under Rule 12(b)(6) for failure to state a claim, the plaintiff should be given an opportunity to amend the complaint.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  Therefore, dismissal of the claims against Kuhn in her individual capacity is without prejudice.

9.  In summary, this Court grants Defendants' motion to dismiss.  All claims against NJDOC, NSP and Kuhn in her official capacity are dismissed with prejudice.  All claims against Kuhn in her individual capacity are dismissed without prejudice.

10.  The remaining claims in the complaint are alleged against Defendants Patricia McGill and Marc Sim, who do not appear to have been served with process pursuant to Federal Rule of Civil Procedure 4.  Federal Rule of Civil Procedure 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff

---

[3] This Court need not reach the issue of whether Plaintiff failed to state a substantive or procedural due process violation under § 1983 or the NJCRA because Plaintiff has not alleged Kuhn's personal involvement in any Constitutional violation.

4

shows good cause for the failure, the court must extend the time for
service for an appropriate period.

Therefore, the Court will dismiss the claims against Defendants Patricia McGill and Marc Sim

without prejudice pursuant to Fed. R. Civ. P. 4(m).

      An appropriate order follows.

Dated: _____January 2_____, 2024

 

_____

Hon. Susan D. Wigenton,
United States District Judge